ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OPINION PURSUANT TO 74 O.S. 4248.1 [74-4248.1] (1986). YOU ASK WHETHER YOUR POSITION AS A STATE REPRESENTATIVE, IN ADDITION TO THE POSITION OF MEMBER OF THE BETHANY GENERAL HOSPITAL BOARD, CONSTITUTES DUAL OFFICE HOLDING UNDER THE AUTHORITY OF 51 O.S. 6 [51-6] (DUAL OFFICE HOLDING). BECAUSE THE ANSWER TO YOUR QUESTION APPEARS TO HAVE BEEN ADDRESSED BY SPECIFIC STATUTE COUPLED WITH A.G. OPIN. NO. 85-058, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION AT THIS TIME. I OFFER THE FOLLOWING LEGAL RESEARCH MEMORANDUM IN LIEU OF AN OFFICIAL OPINION. IN A.G. OPIN. NO. 85-058 IT WAS HELD THAT THE TRUSTEES OF A REGIONAL HOSPITAL AUTHORITY ACT AS PUBLIC OFFICERS SUBJECT TO THE DUAL OFFICE PROHIBITIONS OF TITLE 51. WHILE THAT OPINION ANALYZED THE POSITION OF TRUSTEE AS A PUBLIC OFFICER, IT WOULD APPEAR THAT THE POSITION OF HOSPITAL BOARD OF CONTROL MEMBER, PURSUANT TO 11 O.S. 30-101 [11-30-101] ET SEQ., WOULD LIKEWISE FIT THE CRITERIA SET FORTH IN A.G. OPIN. NO. 85-058. SEE ALSO, A.G. OPIN. NO. 83-112, HOLDING A MEMBER OF A COUNTY HOSPITAL BOARD OF CONTROL IS A PUBLIC OFFICER. BECAUSE THE BETHANY HOSPITAL IS PUBLICLY OWNED, THE MEMBERS OF THE BOARD OF CONTROL WOULD HAVE DUTIES TO MAINTAIN RECORDS AND MAKE THEM OPEN FOR PUBLIC INSPECTION, AND SIMILARLY HAVE, UNDER 11 O.S. 3-104 [11-3-104] OF TITLE 11, EXCLUSIVE CONTROL OF EXPENDITURES OF ALL MONIES COLLECTED AND DEPOSITED TO THE CREDIT OF THE MUNICIPAL HOSPITAL FUND. IT THUS APPEARS THAT MEMBERS OF THE BOARD OF CONTROL ARE PUBLIC OFFICERS, AS ARE MEMBERS OF THE LEGISLATURE, THUS THE PROHIBITIONS OF 6 OF TITLE 51 DO APPLY AND BOTH POSITIONS MAY NOT BE HELD SIMULTANEOUSLY. (SUSAN BRIMER LOVING)